Reginald Lee SILVERNAIL,
Plaintiff—Appellant,

v.

Garland ARMSTRONG, Defendant—
Appellee.

No. 00–35958.

D.C. No. CV–99–00474–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided Dec. 8, 2003.

David P. Moody, Esq., Lafcadio Darling, Gordon, Thomas, Honeywell, Malanca, Pe-

terson & Daheim, Seattle, WA, Reginald Silvernail, pro se, Florence, AZ, for Plaintiff–Appellant.

William H. Hawley, Office of Special Prosecutions and Appeals, Anchorage, AK, for Defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM *

Petitioner Reginald Lee Silvernail timely appeals from the district court's denial of his petition for habeas corpus. We affirm.

Petitioner was indicted for first-degree murder, kidnapping, and first-degree assault. At his first trial, the jury also was instructed (without objection) on lesser-included offenses, including second-degree murder. The jury found Petitioner guilty of kidnapping and second-degree murder, but acquitted him of assault and first-degree murder.

On direct appeal after the first trial, Petitioner secured a reversal due to evidentiary error. He was retried for kidnapping and second-degree murder and convicted of both. This time, the state courts upheld the convictions. In this habeas context, our review is limited to that specified in 28 U.S.C. § 2254(d).

■ Neither principles of double jeopardy nor principles of collateral estoppel precluded the second trial or the second convictions for the crimes on which the state secured convictions in the first trial. *See United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (discussing double jeopardy principles); *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984) (same).

Petitioner's principal argument, that the first jury's verdict necessarily found him innocent of the acts for which the second jury convicted him, is not correct. The indictment charged that Petitioner, and others, unlawfully restrained the victim with the intent to inflict physical injury "by transporting [the victim] to the vicinity of the Potter Flats Bluff ... and exposing [the victim] to the cold" and that they caused the victim's death by striking him "and then exposing him to the cold." The first jury could have found that Petitioner did not assault the victim while at the parking lot, but that Petitioner participated in forcing the victim to ride in the car to Potter Flats Bluff and in intentionally leaving the victim in the snow on an early-spring Alaska night with the knowledge that the victim was substantially certain to die. The second jury likewise was entitled to convict Petitioner for second-degree murder on a theory that did *not* depend on the underlying assault of which the first jury acquitted Petitioner. The verdicts of the first jury and the second jury, therefore, are not necessarily inconsistent.

■ Alternatively, the Alaska courts did not contravene clearly established Supreme Court precedent in holding that, even if the verdicts in the first trial were internally inconsistent, the appropriate remedy would have been a new trial, the same remedy that Petitioner received for a different reason.

Finally, sufficient evidence was submitted to the jury to support a conviction on the kidnapping charge.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.